Sherman v Zampella (2025 NY Slip Op 06397)

Sherman v Zampella

2025 NY Slip Op 06397

Decided on November 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 20, 2025

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Index No. 655176/21|Appeal No. 5123-5124|Case No. 2023-01470, 2023-01473|

[*1]Adam Sherman, Individually and Derivatively on Behalf of Cottonwood Vending LLC, Plaintiff-Respondent,
v
Aniello Zampella, et al., Defendants-Appellants. 

Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for Aniello Zampella, appellant.
Sadis & Goldberg, New York (Douglas R. Hirsch of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about February 27, 2023, which conditionally granted plaintiff's motion to compel to the extent of directing defendants to produce certain discovery to plaintiffs by a date certain, and supplemental order, same court and Justice, entered on or about March 14, 2023, which, upon finding that defendants failed to meet the court's deadline, imposed a presumption against defendants regarding bitcoin outflows from defendant Cottonwood to defendant Zampella, unanimously reversed, on the law, without costs, the motion denied and the sanction vacated.
Initially, we reject plaintiff's argument that the appeals should be dismissed as moot. This Court can only consider the record before it, and we note that this Court denied plaintiff's motion to enlarge the record to include much of the material it now claims render these appeals moot.
A discovery sanction resolving an issue against the party from whom discovery is sought under CPLR 3126(1) is a drastic one, which requires the moving party to demonstrate "a pattern of deliberate, contumacious delay" (Martinez v Goldrose Mgt., Inc., 49 AD3d 466, 466 [1st Dept 2008]), as opposed to aberrant behavior in the context of otherwise substantial compliance with discovery demands, or a failure to comply based upon a mistaken interpretation of what was required to be produced (see Vizcarrondo v Board of Educ. of City of N.Y., 17 AD3d 144, 145 [1st Dept 2005]). The court improvidently imposed the conditional sanction for two reasons.
First, the record at the time did not establish a pattern of willful and contumacious delay. Plaintiff's motion demanding the personal wallet addresses was made in January 2023, and the record does not demonstrate that defendants established a sustained course of noncompliance in the short time between the making of the motion and the rendering of the conditional order on February 27, 2023. Prior to plaintiff's January 2023 motion to compel, defendants produced several witnesses for depositions, and more than 10,000 pages of documents, including audited financial statements, Cottonwood's wallet addresses, emails and other communications, licensing documents, and corporate records.
Second, the motion court's February 27, 2023 order was based on defendants' failure to produce documents showing "in flows from Zampella to Cottonwood." However, plaintiff's discovery demands did not seek discovery of documentation of transfers from Zampella to Cottonwood. Rather, they sought discovery of documentation of transfers from Cottonwood to Zampella and from Cottonwood to defendant Coindado. Further, the conditional order did not require the disclosure of any documentation but only of digital wallet addresses. When defendant was instructed in a clerk's subsequent email to produce documentation of "inflows" or be sanctioned, the clerk clarified, upon request by plaintiff, that this referred to transfers from Cottonwood to Zampella.
Since the motion court's February 27, 2023 order imposing conditional sanctions for noncompliance was an improvident exercise of discretion, there was no basis for the March 14, 2023 order imposing discovery sanctions. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 20, 2025